**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JEDI TECHNOLOGIES, INC.,<br>an Arizona corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>SPARK NETWORKS, INC.,<br>a Delaware corporation,<br>SPARK NETWORKS USA, LLC,<br>a Delaware limited liability company, and<br>SMOOCH LABS, INC.,<br>a Delaware corporation,<br><br>      Defendants. | C.A. No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Jedi Technologies, Inc. ("Jedi Technologies") complains of Defendants Spark Networks, Inc., Spark Networks USA, LLC, Smooch Labs, Inc. (collectively, "Defendants") as follows:

### NATURE OF CASE

1.      This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

### PARTIES

2.      Jedi Technologies, Inc. is an Arizona corporation that has a principal place of business at 9971 E. Speedway Blvd., Suite 12101, Tucson, Arizona, 85748.

3.      Jedi Technologies owns and has standing to sue for, and to seek and obtain damages and other relief for, infringement of United States Patent No. 7,885,977 B2 (the "'977

Patent"), entitled "System and Method for the Automated Notification of Compatibility Between Real-Time Network Participants," which issued on February 8, 2011 (attached as **Exhibit A**).

4.     Jedi Technologies also owns and has standing to sue for, and to seek and obtain damages and other relief for, infringement of United States Patent No. 8,417,729 B2 (the "'729 Patent"), entitled "System and Method for the Automated Notification of Compatibility Between Real-Time Network Participants," which issued on April 9, 2013 (attached as **Exhibit B**).

5.     Jedi Technologies also owns and has standing to sue for, and to seek and obtain damages and other relief for, infringement of United States Patent No. 8,930,406 B2 (the "'406 Patent"), entitled "System and Method for the Automated Notification of Compatibility Between Real-Time Network Participants," which issued on January 6, 2015 (attached as **Exhibit C**).

6.     Jedi Technologies also owns and has standing to sue for, and to seek and obtain damages and other relief for, infringement of United States Patent No.  9,432,315 B2 (the "'315 Patent"), entitled "System and Method for the Automated Notification of Compatibility Between Real-Time Network Participants," which issued on August 30, 2016 (attached as **Exhibit D**).

7.     Defendant Spark Networks, Inc. ("Spark") is a Delaware corporation with offices at 11150 Santa Monica Boulevard, Suite 600, Los Angeles, California, 90025.  Spark may be served with process via its registered agent, the Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8.     Defendant Spark Networks USA, LLC ("Spark USA") is a Delaware limited liability company with offices at 11150 Santa Monica Boulevard, Suite 600, Los Angeles, California, 90025.  Spark USA is a wholly-owned subsidiary of Spark.  Spark USA may be served with process via its registered agent, the Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

9.     Defendant Smooch Labs, Inc. ("Smooch") is a Delaware corporation with a registered agent, Corporation Service Company, at 2711 Centerville Rd., Suite 400, Wilmington, Delaware, 19808.  Smooch is a wholly owned subsidiary of Spark Networks, Inc. According to Spark's SEC Form 10-K Annual Report, filed in March 2016, the operations of Smooch are fully integrated with the operations of Spark.  Smooch may be served with process via its registered agent, the Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

### JURISDICTION AND VENUE

10.     Spark, through its subsidiaries, owns and operates interactive online dating services which it provides via its network of websites and mobile applications including the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application.

11.     In Spark's SEC Form 10-K Annual Report, filed in March 2016, Spark described its business as follows:

> We are a leader in creating iconic, niche-focused brands and communities that help individuals form life-long relationships with others that share their interests and values.  Our core properties, JDate and ChristianMingle, are communities geared towards singles of the Jewish and Christian faiths.  Through our websites and mobile applications, we help members search for and communicate with other like-minded individuals. Membership to the Company's online and web services, which includes the posting of a personal profile and photos, and access to its database of profiles, is free. The Company charges a fee (typically, one, three or

six month subscription fees) to members, allowing them to initiate communication with other members and subscribers using the Company's onsite communication tools, including anonymous email, instant messenger, chat rooms and message boards. For most of the Company's services, two-way communications through the Company's email platform can only take place between paying members.

12.     Spark, through its subsidiaries, provides its interactive online dating services throughout the United States and conducts substantial business in this judicial district, including providing the interactive online dating services, technologies, and methods accused of infringement to residents in this judicial district.

13.     Spark, through its subsidiaries, has provided and continues to provide its interactive online dating services to numerous website members that are residents of Delaware, including the following exemplary display names: JDate users: BBB2528, HunterJaclyn, and 147253472; ChristianMingle users: L1ma, sarahfaith22, and Alyshdh10.

14.     Spark, through its subsidiaries, has provided and continues to provide interactive online dating services through its websites and mobile applications knowing that its membership includes residents of Delaware and intending that residents of Delaware become members of its websites.

15.     Spark, through its subsidiaries Spark USA and Smooch, has solicited and continues to solicit paid subscriptions to its JDate and ChristianMingle members, including residents of Delaware, via its JDate.com and ChristianMingle.com websites and mobile applications. Further, Spark solicits and continues to solicit paid upgrades to its JSwipe and Crosspaths users, including purchasing "Passport" and "Super Swipes" features.  For at least this reason, Spark's online interaction with its members, including residents of Delaware, is commercial in nature.

16.     Spark, Spark USA, and Smooch are doing business in this judicial district, have purposefully availed themselves of the privilege of conducting business in this judicial district, thereby invoking its benefits and protections, have established sufficient minimum contacts with the State of Delaware such that they should reasonably and fairly anticipate being brought into court in Delaware, and have purposefully reached out to and directed their activities at residents of Delaware. The patent infringement claims alleged herein arise out of or result from the foregoing activities.

17.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

**BACKGROUND**

18.     Jedi Technologies is a privately held technology company that is involved in the research and development of social networking and associated Internet technologies, including its website, www.matchmachine.com.

19.     Jedi Technologies' patents are directed to, among other things, concrete and novel implementations for solving specific problems of overcrowded online websites and chat systems with thousands of participants within the system at any given time.

20.     For example, in conventional chat systems, it is impossible for a participant to review every electronic profile of participants, such as through a link to a profile, who are logged into the system at any given time because the visual display is incapable of conveying all of the participants' information at once. Complicating this problem, participants log in and out of the system randomly, thus participants' availability for real-time interaction with others is fleeting and unpredictable, resulting in many lost opportunities for interactions between participants who could be compatible.

21.     Jedi Technologies solved these problems by, among other things, using preferences to ascertain compatibility between participants and proactively notifying one or more of the compatible participants of their compatibility via prompts, paging, email or other electronic notifications of when at least one other person determined to be compatible is available to interact in real-time. This improves upon conventional, reactive chat systems by minimizing lost opportunities for compatible participants to interact in real-time (by not requiring them to click on and review the profiles of every participant within the system to determine the compatibility of other participants.) The electronic notifications may also notify a participant that other compatible participants are online and/or online and available to chat immediately.

22.     Jedi Technologies' patented methods also include using positional information from a global-positioning system (GPS) or from cellular phone technology to evaluate compatibility between participants, including using participant's proximity to determine compatibility.

23.     Jedi Technologies' patented methods also save participants time in the data collection process by enabling participants' data to be imported from preexisting records, thus streamlining the registration or log-in process.

24.     Embodiments of Jedi Technologies' patented methods include one or more of the following system components: computers or servers connected to other computers via IP, TCP/IP or another computer network protocol; wireless devices such as cellular phones capable of generating positional information; a software database that is specifically programmed for storing human specific data; programming software that can work in conjunction with the software database that is used to direct data for display to human participants within the chat

room network; and chat room software that enables human participants to communicate in real-time via the network protocols.

25.     On August 12, 2014, Jedi Technologies contacted Spark to determine if Spark was interested in obtaining a license under U.S. Patent No. 7,401,098 (the "'098 Patent"), the '977 Patent, and the '729 Patent.  On March 10, 2016, Jedi Technologies again contacted Spark to determine whether Spark was interested in obtaining a license under its '098, '977, '729, and '046 Patents, and informed Spark of its pending patent application published as United States Patent Application Publication No. US 2015/0088996 A1, which later issued as the '315 Patent.

26.     Spark has been aware of Jedi Technologies' '098, '977 and '729 Patents at least since receiving Jedi Technologies' August 12, 2014 letter.  Spark has been aware of the '406 Patent and the patent application which later issued as the '315 Patent at least since receiving Jedi Technologies' March 10, 2016 letter.

27.     Spark, through its subsidiaries Spark USA and Smooch, owns and operates a network of dating websites and mobile applications including JDate, ChristianMingle, JSwipe, Crosspaths, LDSSingles.com, CatholicMingle.com, SilverSingles.com, blacksingles.com, LDSMingle.com, spark.com and more.

28.     Spark reported over 200,000 total average paying subscribers for 2015 in its SEC Form 10-K Annual Report, filed in March 2016.

29.     JSwipe has over 700,000 users worldwide.

30.     Spark generates revenue at least through its JDate, ChristianMingle and JSwipe websites and mobile applications.

31.     Spark, Spark USA and Smooch have no licenses or other rights under the '977, '729, '406 or '315 Patents.

## CLAIMS FOR PATENT INFRINGEMENT

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,885,977 B2

32.     Jedi Technologies realleges and incorporates by reference the allegations of paragraphs 1 through 31 as if fully set forth herein.

33.     Spark and Spark USA own the JDate website and mobile application, the ChristianMingle website and mobile application, and the Crosspaths mobile application.

34.     Spark and Spark USA operate the JDate website and mobile application, the ChristianMingle website and mobile application, and the Crosspaths mobile application.

35.     Spark and Spark USA operate servers and databases to provide the JDate website and mobile application, the ChristianMingle website and mobile application, and the Crosspaths mobile application.

36.     Spark and Spark USA control the content of the JDate website and mobile application, the ChristianMingle website and mobile application, and the Crosspaths mobile application.

37.     Spark and Smooch own the JSwipe mobile application.

38.     Spark and Smooch operate the JSwipe mobile application

39.     Spark and Smooch operate servers and databases to provide the JSwipe mobile application.

40.     Spark and Smooch control the content of the JSwipe mobile application.

41.     The JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application each include an automated service that shows members other members who match desired criteria.

42.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch collect members' data by presenting forms and detecting and recording member responses.

43.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch collect members' pre-existing data, including from their Facebook accounts.

44.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch collect members' pre-existing data, including their public profiles and photos from their Facebook accounts.

45.     Through the JSwipe and Crosspaths mobile applications, Spark, Spark USA and Smooch provide a Facebook Login feature to log into the JSwipe and Crosspaths mobile applications with Facebook.

46.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch store members' "Match Preferences" or "Settings" for matching other members.

47.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch store members' personal information including criteria for matching other members.

48.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch store members' criteria for matching other members including age ranges.

49.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch store members' criteria for matching other members including distance.

50.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch determine compatibility between their members based on compatibility criteria and provide matches to their members.

51.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch sort matching members by compatibility, including by distance.

52.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch provide to their members, information about other members who match desired criteria.

53.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch prompt and/or notify their members of their compatibility with other members.

54.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch provide chat services.

55.     Through the JSwipe and Crosspaths mobile applications, Spark, Spark USA and Smooch assess whether members are available to meet including monitoring the positions of the members to determine whether the positions are in proximity to one another.

56.     Spark and Spark USA have infringed and continue to infringe at least claims 1 and 2 of the '977 Patent by, among other activities, providing, operating and using systems in the United States related to the social networking and online dating service websites JDate.com and ChristianMingle.com, their related URLs and other websites in Spark's network that provide the same or substantially the same features and functionality, in a manner which is covered by at least claims 1 and 2 of the '977 Patent pursuant to 35 U.S.C. § 271(a). These infringing activities include, without limitation, the acts set forth above in this Count I.

57.     Spark and Spark USA have infringed and continue to infringe at least claims 1, 2, 4 and 5 of the '977 Patent by, among other activities, providing, operating and using systems in the United States related to the social networking and online dating service mobile applications for JDate, ChristianMingle and Crosspaths, their related URLs and other mobile applications in Spark's network that provide the same or substantially the same features and functionality, in a manner which is covered by at least claims 1, 2, 4 and 5 of the '977 Patent pursuant to 35 U.S.C. § 271(a). These infringing activities include, without limitation, the acts set forth above in this Count I.

58.     Spark and Smooch have infringed and continue to infringe at least claims 1, 2, 4 and 5 of the '977 Patent by, among other activities, providing, operating and using systems in

the United States related to the social networking and online dating service mobile application for JSwipe, its related URLs and other mobile applications in Spark's network that provide the same or substantially the same features and functionality, in a manner which is covered by at least claims 1, 2, 4 and 5 of the '977 Patent pursuant to 35 U.S.C. § 271(a). These infringing activities include, without limitation, the acts set forth above in this Count I.

59.     To the extent required by law, Jedi Technologies has complied with the provisions of 35 U.S.C. § 287 with respect to the '977 Patent.

60.     The acts of infringement of the '977 Patent by Spark, Spark USA and Smooch have injured Jedi Technologies, and Jedi Technologies is entitled to recover damages adequate to compensate it for such infringement from Spark, Spark USA and Smooch, but, in no event less than a reasonable royalty. Further, the acts of infringement of the '977 Patent by Spark, Spark USA and Smooch have injured and will continue to injure Jedi Technologies unless and until this Court enters an injunction prohibiting further infringement of the '977 Patent.

61.     Spark, Spark USA and Smooch's infringement of the '977 Patent has been and continues to be willful, wanton, malicious, in bad faith, deliberate, consciously wrongful and flagrant. Specifically, Spark, Spark USA and Smooch have provided, operated and used systems in the United States related to the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, their related URLs and other websites and mobile applications in Spark's network that provide the same or substantially the same features and functionality, although they knew that their actions would constitute and result in infringement of the '977 Patent. Accordingly, this constitutes an egregious case of infringement typified by willful misconduct.

62.     This is an "exceptional case" under 35 U.S.C. § 285 because it stands out from others with respect to the lack of substantive strength of Spark, Spark USA and Smooch's positions. Accordingly, Jedi Technologies is entitled to an award of its attorneys' fees with respect to the '977 Patent.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,417,729 B2

63.     Jedi Technologies realleges and incorporates by reference the allegations of paragraphs 1 through 62 as if fully set forth herein.

64.     Through the JDate website and mobile application, and the ChristianMingle website and mobile application, Spark and Spark USA use characteristics and thresholds to determine compatibility of members, including age as a characteristic with threshold age ranges, and distance as a characteristic with threshold distances.

65.     Through the JDate website and mobile application, and the ChristianMingle website and mobile application, Spark and Spark USA automatically display to members at least a portion of compatible members' data.

66.     Through the JDate website and mobile application, and the ChristianMingle website and mobile application, Spark and Spark USA notify compatible members including prompting a compatible member.

67.     Through the JDate website and mobile application, and the ChristianMingle website and mobile application, Spark and Spark USA provide information including icons indicating which compatible members are "Online Now."

68.     Through the JDate website and mobile application, and the ChristianMingle website and mobile application, Spark and Spark USA provide online chat services.

69.     Through the JDate website and mobile application, and the ChristianMingle website and mobile application, Spark and Spark USA provide information including icons indicating which compatible members are "Online Now" and immediately available to chat on Spark and Spark USA's chat services.

70.     Through the JDate website and mobile application, and the ChristianMingle website and mobile application, Spark and Spark USA sort members' data to identify ""Members Online" and members "Last Online."

71.     Through the JDate website and mobile application, and the ChristianMingle website and mobile application, Spark and Spark USA notify compatible members including communicating members' interactions with the network, such as through the "Viewed Your Profile," "Who's Viewed You," "Smile," and "Flirt" features.

72.     Through the JDate website and mobile application, and the ChristianMingle website and mobile application, Spark and Spark USA collect members' pre-existing data, including from their Facebook accounts.

73.     Through at least the ChristianMingle website and mobile application, Spark and Spark USA collect members' pre-existing data, including data from their Facebook accounts, which includes "Relationships" showing "Your loved ones and other family members on Facebook."

74.     Through the JSwipe mobile application, Spark and Smooch sort member specific data from a plurality of members by compatibility criteria including at least one pre-designated location through JSwipe's "Passport" feature.

75.     Through the JSwipe mobile application, Spark and Smooch process stored member specific data using compatibility criteria to calculate compatibility between members.

76.     Through the JSwipe mobile application, Spark and Smooch determine compatibility of at least two members using calculated compatibility including monitoring the positions of the members to determine whether at least one member is at a pre-designated location through JSwipe's "Passport" feature.

77.     Through the JSwipe mobile application, Spark and Smooch notify at least one compatible member of his or her compatibility with another member, including notifying the at least one compatible member when another member is nearby a pre-designated location, where members may adjust a threshold distance used to determine nearby the pre-designated location through JSwipe's "Passport" feature.

78.     Spark and Spark USA have infringed and continue to infringe at least claims 26, 27, 29, 30 and 31 of the '729 Patent by, among other activities, providing, operating and using systems in the United States related to the social networking and online dating service website JDate.com and mobile application for JDate, their related URLs and other websites and mobile applications in Spark's network that provide the same or substantially the same features and functionality, in a manner which is covered by at least claims 26, 27, 29, 30 and 31 of the '729 Patent pursuant to 35 U.S.C. § 271(a). These infringing activities include, without limitation, the acts set forth above in this Count II.

79.     Spark and Spark USA have infringed and continue to infringe at least claims 26, 27, 29, 30, 31 and 32 of the '729 Patent by, among other activities, providing, operating and using systems in the United States related to the social networking and online dating service website ChristianMingle.com and mobile application for ChristianMingle, their related URLs and other websites and mobile applications in Spark's network that provide the same or substantially the same features and functionality, in a manner which is covered by at least

claims 26, 27, 29, 30, 31 and 32 of the '729 Patent pursuant to 35 U.S.C. § 271(a). These infringing activities include, without limitation, the acts set forth above in this Count II.

80. Spark and Smooch have infringed and continue to infringe at least claim 23 of the '729 Patent by, among other activities, providing, operating and using systems in the United States related to the social networking and online dating service mobile application for JSwipe, its related URLs and other mobile applications in Spark''s network that provide the same or substantially the same features and functionality, in a manner which is covered by at least claims 23 of the '729 Patent pursuant to 35 U.S.C. § 271(a). These infringing activities include, without limitation, the acts set forth above in this Count II.

81. To the extent required by law, Jedi Technologies has complied with the provisions of 35 U.S.C. § 287 with respect to the '729 Patent.

82. The acts of infringement of the '729 Patent by Spark, Spark USA and Smooch have injured Jedi Technologies, and Jedi Technologies is entitled to recover damages adequate to compensate it for such infringement from Spark, Spark USA and Smooch, but, in no event less than a reasonable royalty. Further, the acts of infringement of the '729 Patent by Spark, Spark USA and Smooch have injured and will continue to injure Jedi Technologies unless and until this Court enters an injunction prohibiting further infringement of the '729 Patent.

83. Spark, Spark USA and Smooch's infringement of the '729 Patent has been and continues to be willful, wanton, malicious, in bad faith, deliberate, consciously wrongful and flagrant. Specifically, Spark, Spark USA and Smooch have provided, operated and used systems in the United States related to the JDate website and mobile application, the ChristianMingle website and mobile application, and the JSwipe mobile application, their related URLs and other websites and mobile applications in Spark's network that provide the same or substantially

the same features and functionality, although they knew that their actions would constitute and result in infringement of the '729 Patent. Accordingly, this constitutes an egregious case of infringement typified by willful misconduct.

84.     This is an "exceptional case" under 35 U.S.C. § 285 because it stands out from others with respect to the lack of substantive strength of Spark, Spark USA and Smooch's positions. Accordingly, Jedi Technologies is entitled to an award of its attorneys' fees with respect to the '729 Patent.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,930,406 B2

85.     Jedi Technologies realleges and incorporates by reference the allegations of paragraphs 1 through 84 as if fully set forth herein.

86.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch display members' interactions with the network to other compatible members, such as through the "Viewed Your Profile," "Who's Viewed You," "Smile," "Flirt," "Swipe Notes" and "Super Swipe" features.

87.     Through the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, Spark, Spark USA and Smooch collect members' interactions with the network as part of the members' data, such as through the "Viewed Your Profile," "Who's Viewed You," "Smile," "Flirt," "Swipe Notes" and "Super Swipe" features.

88.     Through the JDate website and mobile application, and the ChristianMingle website and mobile application, Spark and Spark USA notify compatibles member via email about other members' interactions with the websites and mobile applications, such as which

members have "Viewed" or "Smiled" at other members, and solicit the email recipients to log into the websites and mobile applications.

89.     Spark and Spark USA have infringed and continue to infringe at least claims 3, 4 and 6 of the '406 Patent by, among other activities, providing, operating and using systems in the United States related to the social networking and online dating service websites JDate.com and ChristianMingle.com and mobile applications for JDate and ChristianMingle, their related URLs and other websites and mobile applications in Spark's network that provide the same or substantially the same features and functionality, in a manner which is covered by at least claims 3, 4 and 6 of the '406 Patent pursuant to 35 U.S.C. § 271(a). These infringing activities include, without limitation, the acts set forth above in this Count III.

90.     Spark and Spark USA have also infringed and continue to infringe at least claims 3 and 4 of the '406 Patent by, among other activities, providing, operating and using systems in the United States related to the social networking and online dating service mobile application for Crosspaths, its related URLs and other mobile applications in Spark's network that provide the same or substantially the same features and functionality, in a manner which is covered by at least claims 3 and 4 of the '406 Patent pursuant to 35 U.S.C. § 271(a). These infringing activities include, without limitation, the acts set forth above in this Count III.

91.     Spark and Smooch have infringed and continue to infringe at least claims 3 and 4 of the '406 Patent by, among other activities, providing, operating and using systems in the United States related to the social networking and online dating service mobile application for JSwipe, its related URLs and other mobile applications in Spark's network that provide the same or substantially the same features and functionality, in a manner which is covered by at

least claims 3 and 4 of the '406 Patent pursuant to 35 U.S.C. § 271(a). These infringing activities include, without limitation, the acts set forth above in this Count III.

92.     To the extent required by law, Jedi Technologies has complied with the provisions of 35 U.S.C. § 287 with respect to the '406 Patent.

93.     The acts of infringement of the '406 Patent by Spark, Spark USA and Smooch have injured Jedi Technologies, and Jedi Technologies is entitled to recover damages adequate to compensate it for such infringement from Spark, Spark USA and Smooch, but, in no event less than a reasonable royalty. Further, the acts of infringement of the '406 Patent by Spark, Spark USA and Smooch have injured and will continue to injure Jedi Technologies unless and until this Court enters an injunction prohibiting further infringement of the '406 Patent.

94.     Spark, Spark USA and Smooch's infringement of the '406 Patent has been and continues to be willful, wanton, malicious, in bad faith, deliberate, consciously wrongful and flagrant. Specifically, Spark, Spark USA and Smooch have provided, operated and used systems in the United States related to the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, their related URLs and other websites and mobile applications in Spark's network that provide the same or substantially the same features and functionality, although they knew that their actions would constitute and result in infringement of the '406 Patent. Accordingly, this constitutes an egregious case of infringement typified by willful misconduct.

95.     This is an "exceptional case" under 35 U.S.C. § 285 because it stands out from others with respect to the lack of substantive strength of Spark, Spark USA and Smooch's positions. Accordingly, Jedi Technologies is entitled to an award of its attorneys' fees with respect to the '406 Patent.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 9,432,315 B2

96.     Jedi Technologies realleges and incorporates by reference the allegations of paragraphs 1 through 95 as if fully set forth herein.

97.     Through the JDate mobile application, ChristianMingle mobile application, JSwipe mobile application and Crosspaths mobile application, Spark, Spark USA and Smooch collect member specific data, including whether members have a wireless device capable of generating positional information.

98.     Through the JDate mobile application, ChristianMingle mobile application, JSwipe mobile application and Crosspaths mobile application, Spark, Spark USA and Smooch collect member specific data to identify at least one facet of their personality including religious preference and age.

99.     Through the JDate mobile application, ChristianMingle mobile application, JSwipe mobile application and Crosspaths mobile application, Spark, Spark USA and Smooch store member specific data including at least one facet of their personality including religious preference and age.

100.     Through the JDate mobile application, ChristianMingle mobile application, JSwipe mobile application and Crosspaths mobile application, Spark, Spark USA and Smooch process member specific data including at least one facet of their personality to determine compatibility between participants.

101.     Through the JDate mobile application, ChristianMingle mobile application, JSwipe mobile application and Crosspaths mobile application, Spark, Spark USA and Smooch sort member specific data from a plurality of members by compatibility including whether members have a wireless device.

102.   Through the JDate mobile application, ChristianMingle mobile application, JSwipe mobile application and Crosspaths mobile application, Spark, Spark USA and Smooch automatically display sorted member specific data to at least one member including an indication of the relative position of the wireless device for at least one compatible member.

103.   Through the JDate mobile application, ChristianMingle mobile application, JSwipe mobile application and Crosspaths mobile application, Spark, Spark USA and Smooch display member specific data including members' proximity where proximity is determined at least in part based on position information for the wireless devices associated with the compatible members.

104.   Through the JDate mobile application, ChristianMingle mobile application, JSwipe mobile application and Crosspaths mobile application, Spark, Spark USA and Smooch display member specific data including members' proximity where proximity is displayed only for compatible members within a specified level of proximity.

105.   Through the JSwipe mobile application and Crosspaths mobile application, Spark, Spark USA and Smooch display member specific data including a textual description of the proximity of members.

106.   Spark and Spark USA have infringed and continue to infringe at least claims 1, 2, 3, 6, 7 and 8 of the '315 Patent by, among other activities, providing, operating and using systems in the United States related to the social networking and online dating service websites JDate.com and ChristianMingle.com, their related URLs and other websites in Spark's network that provide the same or substantially the same features and functionality, in a manner which is covered by at least claims 1, 2, 3, 6, 7 and 8 of the '315 Patent pursuant to 35 U.S.C. § 271(a). These infringing activities include, without limitation, the acts set forth above in this Count IV.

107.    Spark and Spark USA have also infringed and continue to infringe at least claims 1, 2, 3, 4, 6, 7, 8 and 9 of the '315 Patent by, among other activities, providing, operating and using systems in the United States related to the social networking and online dating service mobile application for Crosspaths, its related URLs and other mobile applications in Spark's network that provide the same or substantially the same features and functionality, in a manner which is covered by at least claims 1, 2, 3, 4, 6, 7, 8 and 9 of the '315 Patent pursuant to 35 U.S.C. § 271(a). These infringing activities include, without limitation, the acts set forth above in this Count IV.

108.    Spark and Smooch have infringed and continue to infringe at least claims 1, 2, 3, 4, 6, 7, 8 and 9 of the '315 Patent by, among other activities, providing, operating and using systems in the United States related to the social networking and online dating service mobile application for JSwipe, its related URLs and other mobile applications in Spark's network that provide the same or substantially the same features and functionality, in a manner which is covered by at least claims 1, 2, 3, 4, 6, 7, 8 and 9 of the '315 Patent pursuant to 35 U.S.C. § 271(a). These infringing activities include, without limitation, the acts set forth above in this Count IV.

109.    To the extent required by law, Jedi Technologies has complied with the provisions of 35 U.S.C. § 287 with respect to the '315 Patent.

110.    The acts of infringement of the '315 Patent by Spark, Spark USA and Smooch have injured Jedi Technologies, and Jedi Technologies is entitled to recover damages adequate to compensate it for such infringement from Spark, Spark USA and Smooch, but, in no event less than a reasonable royalty. Further, the acts of infringement of the '315 Patent by Spark,

Spark USA and Smooch have injured and will continue to injure Jedi Technologies unless and until this Court enters an injunction prohibiting further infringement of the '315 Patent.

111.    Spark, Spark USA and Smooch's infringement of the '315 Patent has been and continues to be willful, wanton, malicious, in bad faith, deliberate, consciously wrongful and flagrant. Specifically, Spark, Spark USA and Smooch have provided, operated and used systems in the United States related to the JDate website and mobile application, ChristianMingle website and mobile application, JSwipe mobile application, and Crosspaths mobile application, their related URLs and other websites and mobile applications in Spark's network that provide the same or substantially the same features and functionality, although they knew that their actions would constitute and result in infringement of the '315 Patent. Accordingly, this constitutes an egregious case of infringement typified by willful misconduct.

112.    This is an "exceptional case" under 35 U.S.C. § 285 because it stands out from others with respect to the lack of substantive strength of Spark, Spark USA and Smooch's positions. Accordingly, Jedi Technologies is entitled to an award of its attorneys' fees with respect to the '315 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jedi Technologies respectfully asks this Court to enter judgment against Defendants Spark Networks, Inc., Spark Networks USA, LLC, Smooch Labs, Inc. and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, jointly and severally, granting the following relief:

a.      The entry of judgment in favor of Jedi Technologies and against Defendants;

b.      An award of damages adequate to compensate Jedi Technologies for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, as well as increased damages up to three times the amount found or assessed, together with prejudgment interest from the date the infringement began;

c.      A finding that this case is exceptional and an award to Jedi Technologies of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

d.      A permanent injunction prohibiting further infringement of the '977, '729, '406 and '315 Patents; and

e.      Such other relief that Jedi Technologies is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

### JURY DEMAND

Jedi Technologies demands a trial by jury on all issues presented in this Complaint.

Dated: November 15, 2016

OF COUNSEL:

Brian E. Haan (*pro hac vice* pending)
Ashley E. LaValley (*pro hac vice* pending)
LEE SHEIKH MEGLEY& HAAN LLC
111 West Jackson Boulevard
Suite 2230
Chicago, IL  60604
(312) 982-0070
bhaan@leesheikh.com
alavalley@leesheikh.com

BAYARD, P.A.

*/s/Stephen B. Brauerman*
Richard D. Kirk (No. 0922)
Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff Jedi Technologies, Inc.*